UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL J. AUGUSTINE,<br><br>         Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY, Commissioner of Social Security,<br><br>         Defendant. | Case No.: 17cv00238 JAH-AHG<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION IN ITS ENTIRETY; GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AND DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT [ECF Nos. 13, 14, 31]** |

  On February 8, 2017, Plaintiff Darrell J. Augustine filed a complaint against the Commissioner of Social Security, under the Social Security Act, 42 U.S.C. § 405(g), seeking review of the Social Security Administration's decision denying Plaintiff's application for disability insurance benefits and supplemental security income. *See* ECF No. 1. Defendant filed an answer to the complaint along with the administrative record. ECF Nos. 10, 11. Thereafter, Plaintiff filed a motion for summary judgment and Defendant filed a cross-motion for summary judgment. ECF Nos. 13, 14. This Court referred the matter to the Honorable Allison H. Goddard, United States Magistrate Judge for a Report and Recommendation ("report").

Judge Goddard recommends this Court grant Plaintiff's motion for summary judgment, deny Defendant's cross-motion for summary judgment, reverse the Commissioner's determination that Plaintiff is not disabled and remand the matter for calculation of benefits. Both parties are represented by counsel, but to date, neither party filed any objections.

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties in connection with a magistrate judge's report and recommendation. The district court must "make a de novo determination of those portion of the report to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). When no objections are filed, the district court is not required to review the magistrate judge's report and recommendation. *Id*. (reasoning that 28 U.S.C. § 636(b)(1)(C) "makes it clear that the district judge must review the magistrate judge's finding and recommendations de novo if objection is made, but not otherwise"); *see also Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005)("Of course, de novo review of a R & R is only required when an objection is made to the R & R[.]").

Here, the deadline for filing objections has expired. No objections have been filed, and neither party has requested additional time to do so. Consequently, the Court may adopt the report on that basis alone. *See Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Nevertheless, having conducted a de novo review of the report, the Court finds it is well-reasoned and contains no clear error.

Accordingly, based on the foregoing, IT IS HEREBY ORDERED:

1. The report and recommendation (ECF No. 31] is **ADOPTED in its entirety**.
2. Plaintiff's motion for summary judgment (Doc. No. 11) is **GRANTED**.
3. Defendant's cross-motion for summary judgment (Doc. No. 14) is **DENIED**.
4. The Commissioner's determination that Plaintiff is not disabled is **REVERSED**.

5. The matter is **REMANDED** for calculation of benefits.

6. The Clerk of Court shall enter judgment accordingly.

DATED: March 25, 2024

_____
JOHN A. HOUSTON
United States District Judge