UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL J. AUGUSTINE,<br><br>                      Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY, Commissioner of Social Security,<br><br>                      Defendant. | Case No.: 3:17-cv-00238-JAH-AHG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**<br><br>**[ECF No. 35]** |

## INTRODUCTION

Pending before the Court is Plaintiff Darrell J. Augustine's ("Plaintiff") motion for attorney's fees filed April 24, 2024, pursuant to the Equal Access to Justice Act ("EAJA"). ECF No. 35 ("Motion" or "Mot."). On May 23, 2024, Defendant Martin O'Malley, Acting Commissioner of Social Security ("Defendant" or "Commissioner"), filed an opposition to Plaintiff's Motion. ECF No. 39 ("Opp'n"). On May 29, 2024, Plaintiff filed a reply. ECF No. 40 ("Reply"). The Motion is decided on the parties' briefs without oral argument pursuant to Civil Local Rule 7.1.d.1. For the reasons stated below, Plaintiff's motion for attorney's fees and costs is **GRANTED IN PART AND DENIED IN PART.**

///

///

1

## BACKGROUND

This case originates from Plaintiff's applications for social security disability insurance benefits ("DIB") and supplemental social security income ("SSI") filed on April 1 and 17, 2013. ECF No. 31 ("R. & R.") at 2. Plaintiff alleges that his disabilities (including HIV, diabetes mellitus, Hepatitis C, osteoarthritis of the right hand, peripheral neuropathy of the hands, major depressive disorder, and schizoaffective disorder) began on February 1, 2013. *Id.* After Plaintiff's applications were denied, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on December 11, 2015. *Id.* On January 22, 2016, the ALJ found that Plaintiff was not disabled and denied his applications for DIB and SSI under Title II and Title XVI of the Social Security Act. *Id.* The Social Security Appeals Council denied Plaintiff's request for review, making the ALJ's decision final. *Id.* On February 8, 2017, Plaintiff brought this action seeking judicial review of the administrative decision. ECF No. 1. After the parties filed cross-motions for summary judgment, this Court adopted the Magistrate Judge's Report and Recommendation granting Plaintiff's motion for summary judgment, thereby reversing the Commissioner's determination that Plaintiff is not disabled and remanding the matter for calculation of immediate benefits. ECF No. 32.

## LEGAL STANDARD

The EAJA provides that in a civil action brought against the United States, the court shall award fees and other expenses incurred to a prevailing party, unless "the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). A "party" under the EAJA is an individual whose net worth was $2,000,000 or less when the civil action was filed. 28 U.S.C. § 2412(d)(2)(B)(i). An applicant for disability benefits is a prevailing party if "the denial of her benefits is reversed and remanded[.]" *Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001). The term "fees and other expenses" includes "reasonable attorney fees[.]" 28 U.S.C. § 2412(d)(2)(A). The court may apply discretionary reductions to an award if the prevailing party "'unduly

and unreasonably protracted' the final resolution of the case." *Atkins v. Apfel*, 154 F.3d 986, 987 (9th Cir. 1998) (citing 28 U.S.C. §§ 2412(d)(1)(C) & 2412(d)(2)(D)).

Defendant has the "burden to show that its position was substantially justified or that special circumstances exist to make an award unjust." *Gutierrez*, 274 F.3d at 1258 (citations omitted). The government's position—which includes the litigation position and the underling agency action—is substantially justified if it has a "reasonable basis both in law and fact." *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013) (internal quotations and citations omitted); *see also Sampson v. Chater*, 103 F.3d 918, 921 (9th Cir. 1996). Special circumstances may exist when the Commissioner's argument is novel and made in good faith, or "equitable considerations weigh in favor of denying an award." *United Cook Inlet Drift Ass'n v. Nat'l Marine Fisheries Serv.*, No. 3:21-CV-00255J-JMK, 2023 U.S. Dist. LEXIS 174645, at *12 (D. Alaska Sept. 28, 2023); *see Abela v. Gustafson*, 888 F.2d 1258, 1266 (9th Cir. 1989) ("The 'special circumstances' exception . . . was developed to ensure that the government is not deterred from advancing good faith but novel legal arguments and to protect the court's discretion to rely on equitable factors in denying a fee award.").

## DISCUSSION

Plaintiff contends that he is entitled to $29,819 in attorney's fees under the EAJA, arguing that the position of the United States was not "substantially justified." Mot. at 1-2.[1] While Defendant does not dispute that Plaintiff is entitled to attorney's fees, Defendant argues that Plaintiff's requested fee of $29,819 is "patently unreasonable." Opp'n at 1. More specifically, Defendant argues that Plaintiff's requested fees are unreasonable because they exceed "the average EAJA award in Social Security disability cases[.]" *Id.* at 3. Defendant also argues that Plaintiff did not meet his burden of "establishing the reasonableness" for the time spent on the Opening and Reply MSJ Brief. *Id.* at 6-8, 10-11; *see* ECF No. 13-1 ("Opening MSJ Brief"); ECF No. 16 ("Reply MSJ Brief"). Finally,

---

[1] Unless otherwise stated, page numbers referenced herein refer to page numbers generated by the CM/ECF system.

Defendant asserts time billed for alleged "clerical tasks" should not be awarded. Opp'n at 11. As a result, Defendant asks this Court to award a reasonable fee of $16,370.01. *Id.* at 12-15.

**A.     Plaintiff is Entitled to Attorney's Fees Under The EAJA**

The Court finds that Plaintiff is entitled to attorney's fees under the EAJA. First, Plaintiff is a prevailing party because this Court adopted the Magistrate Judge's Report and Recommendation reversing the Commissioner's denial of social security benefits and remanded the matter for immediate payment of benefits. ECF No. 32 at 2; *see Gutierrez*, 274 F.3d at 1257. Second, the United States does not dispute that Plaintiff's net worth did not exceed $2,000,000 at the time the action was filed. *See generally* Opp'n; *see also* 28 U.S.C. § 2412(d)(2)(B)(i). Third, the Commissioner's position was not substantially justified because the ALJ failed to follow SSR 82-59,[2] thereby violating the agency's own regulation in determining whether Plaintiff was entitled to disability benefits. R. & R. at 12; *see Hoefle v. Colvin*, No. 1:12-CV-01719-JLT, 2014 LEXIS 146468, at *7 (E.D. Cal. Oct. 14, 2014) ("because the analysis by the ALJ was contrary to the standards set forth by the Regulations, the position was not substantially justified"). Even if the ALJ had correctly applied SSR 82-59, the Magistrate Judge found that the record did not support the ALJ's conclusion "that if the proper course of treatment had been followed, Plaintiff would not be disabled." R & R at 12, 15. Additionally, the ALJ erred in evaluating Plaintiff's treating physicians' opinions by failing to identify specific and legitimate reasons for rejecting the treating physicians' opinions in favor of controverting examining physicians' opinions. *Id.* at 21-23; *see Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.

---

[2] SSR 82-59, effective at the time of the ALJ determination and through October 29, 2018, "describe[s] the criteria necessary for a finding of failure to follow prescribed treatment when evaluating disability under titles II and XVI of the Social Security Act and implementing regulations." Titles II & XVI Failure to Follow Prescribed Treatment, SSR 82-59 (S.S.A. 1982); *Ibarra v. Commissioner of the Soc. Sec. Admin.*, 92 F. Supp. 2d 1084, 1087 (D. Or. 2000) ("SSR 82-59 . . . sets forth the Commissioner's required criteria for a finding of failure to follow prescribed treatment when evaluating disability[.]").

1989) ("To reject the opinion of a treating physician which conflicts with that of an examining physician, the ALJ must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record.") (internal quotations and citations omitted).

For these reasons, the Court finds that Defendant's position in this litigation and at the administrative level had no reasonable basis in law or fact and therefore was not substantially justified.  Given that no equitable considerations or other circumstances weigh in favor of denying an award, Plaintiff is entitled to attorney's fees under the EAJA.

**B.     Reasonable Attorney's Fees**

The parties dispute the amount considered reasonable under the facts and circumstances here.  According to Plaintiff, the attorneys on this matter—Jessica Kondrick, Heather Carmody, and Jeff Byer—expended a total of 148.1 hours between 2017 and 2024 totaling $29,819.00 in attorney's fees.  ECF No. 35-5 ("Statement of Attorney Fees").[3] While Defendant concedes that Plaintiff's counsel's hourly rate is reasonable, Defendant argues that the total number of hours allegedly accrued is excessive and unreasonable. Opp'n at 2-6.

The EAJA expressly provides for an award of "reasonable" attorney fees. 28 U.S.C. § 2412(d)(2)(A).  To determine a reasonable fee award under the EAJA, courts in the Ninth Circuit apply the lodestar method, multiplying the number of hours reasonably expended on litigation by the reasonable hourly rate. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (citations omitted)).  Though attorney rates have been capped at $125.00 per hour since 1996 under the EAJA, they are adjusted for cost-of-living increases, with

---

[3] Plaintiff's Statement of Attorney Fees includes the following:  115.3 hours for Attorney Kondrick and 18.7 hours for Attorney Carmody in 2017 at an hourly rate of $196.79; 3.7 hours for Attorney Byer and 1.3 hours for Attorney Carmody in 2023 at an hourly rate of $244.62; and 9.1 hours for Attorney Carmody in 2024 at an hourly rate of $244.62.

maximum hourly rates at $196.79 for 2017 and $244.62 for 2023[4]. *Statutory Maximum Rates Under the Equal Access to Justice Act*, United States Courts for the Ninth Circuit, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited August 21, 2024) (citing 28 U.S.C. § 2412 (d)(2)(A)); *Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005); Ninth Circuit Rule 39-1.6.  The party seeking an award of fees has the burden to demonstrate the requested hours are reasonable and must submit appropriate documentation of hours expended.  *Hensley*, 461 U.S. at 437.  In general, the court should "defer to the winning lawyer's professional judgment as to how much time [] was required to spend on the case."  *Costa*, 690 F.3d at 1136 (internal quotations omitted) (citing *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112-13 (9th Cir. 2008)).  "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee" encompassing all reasonable hours.  *Hensley*, 461 U.S. at 435.  However, the party should exercise "billing judgment" and exclude hours that are "excessive, redundant, or otherwise unnecessary[.]"  *Id.* at 434 (internal quotations and citations omitted).

The party opposing the reasonableness of fees has the burden to submit evidence challenging the accuracy and reasonableness of hours expended or facts asserted by the prevailing party.  *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (citations omitted).  Although comparing hourly rates awarded to attorneys in other cases can be useful, "it is far less useful for assessing how much time an attorney can reasonably spend on a specific case because that determination will always depend on case-specific factors including, among others, the complexity of the legal issues, the procedural history, the size of the record, and when counsel was retained."  *Costa*, 690 F.3d at 1136.

### i. EAJA Awards in Other Social Security Disability Cases

Defendant contends that the 861-page transcript in this case is average length and that 20-40 hours is the range of billable time commonly requested and granted by courts in

---

[4] The statutory maximum rate for 2024 has yet to be published by the Ninth Circuit.  Plaintiff concedes use of the 2023 hourly rate, $244.62, for the purposes of his request for attorney's fees is appropriate.  Mot. at 5 n.2

an average social security case. Opp'n at 3. In support of his Opposition, Defendant provides the Court with data from the Administrative Conference of the United States ("ACUS"),[5] arguing that Plaintiff's request is five to six times larger than the 20-40 hour average EAJA award within the Southern District of California. Opp'n at 4-5. Finally, Defendant compares Plaintiff's requested hours to those granted in several social security cases fully briefed before the district court and the Ninth Circuit in contending that Plaintiff's requested fees are excessive. Opp'n at 6. Plaintiff, however, argues that comparing the time spent in this case to other social security cases is unpersuasive because individualized consideration is required to determine what is reasonable. Reply at 2. Plaintiff also contends that this district has rejected the use of ACUS data to prove reasonableness of fees. *Id.*

While the Court may consider the awards granted in other social security cases as a proxy to determine reasonableness of attorney's fees, the opposing party must provide a specific explanation as to why and how hours are excessive to warrant reductions. *Moreno* 534 F.3d at 1116 ("If opposing counsel cannot come up with specific reasons for reducing the fee request that the district court finds persuasive, it should normally grant the award in full, or with no more than a haircut."). Moreover, "courts cannot drastically reduce awards simply because the attorney has requested compensation for more than forty hours or make reductions with a target number in mind." *Costa*, 690 F.3d at 1136.

Here, the Court is unpersuaded by Defendant's argument that the 20-40-hour-average in other social security cases deems Plaintiff's 148.1 billed hours unreasonable. Instead, the Court agrees with Plaintiff and finds that it is improper to reduce billed hours based solely on comparing fee awards granted in other social security cases because each case has specific facts and circumstances that may justify greater or fewer hours than the

---

[5] The ACUS database collects and reports data regarding individual EAJA awards and reports a breakdown of awards by case type. ACUS, *Background about EAJA*, available at https://www.acus.gov/eaja/background (last visited August 19, 2024) (select "Annual Reports and Data Sets").

average social security case. *See, e.g.*, *id.* (noting reasonableness determination will always depend on "case-specific factors"); *Hernandez v. Kijakazi*, No. 1:19-CV-01621-HBK, 2022 U.S. Dist. LEXIS 188199, at *5 n.3 (E.D. Cal. Oct. 14, 2022) ("[W]hile comparison to other cases is informative in assessing the reasonableness of fee requests, the Court is constrained to focus on the specific facts of the case at hand."). For the same reason, the Court rejects the use of the ACUS database in considering reasonableness of fee requests. *See Kimberli M.S. v. Kijakazi*, No. 21-CV-01836-AJB-MDD, 2023 U.S. Dist. LEXIS 225279, at *8 (S.D. Cal. June. 22, 2023) (rejecting use of ACUS database to compare fees awarded in similar cases or to determine excessiveness of fees). Accordingly, Defendant's reliance on various social security cases does not provide this Court with "specific reasons for reducing the fee request," *Moreno*, 534 F.3d at 1116, nor does it explain how the hours expended by Plaintiff's attorneys were excessive, redundant, or otherwise unnecessary. *See Hensley*, 461 U.S. at 434; *see also Costa*, 690 F.3d at 1136; *Cunningham v. County of Los Angeles*, 879 F.2d 481, 484-85 (9th Cir.1988).

### ii.  Reasonableness of Hours Expended on MSJ Briefs

Defendant claims Plaintiff failed to meet his burden in proving the hours expended in litigating this matter were reasonable. In support of this contention, Defendant asserts four key arguments. First, Defendant contends the hours spent on the Opening and Reply MSJ Brief are unreasonable because many of the issues raised by Plaintiff are "run-of-the-mill," and therefore should not require "much time to research." Opp'n. at 6. Second, Defendant argues the hours spent on the Opening MSJ Brief are particularly unreasonable because SDVLP previously represented Plaintiff at the administrative level and raised nearly identical arguments in an administrative brief. *Id*. at 7. Third, Defendant claims the large amount of time spent on the briefs is attributable to Attorney Kondrick's non-compensable, self-education in social security law. *Id.* at 8. Fourth, Defendant argues Attorney Carmody's hours spent revising Plaintiff's Opening and Reply MSJ Briefs were excessive and unreasonable. *Id.* at 11. The Court will address each argument in turn.

///

### 1. "Routine" social security issues

The Court is unpersuaded by Defendant's argument that the issues raised by Plaintiff are "run-of-the-mill." While district courts within the Ninth Circuit have considered certain legal issues "routine" in social security cases,[6] the Ninth Circuit has explained "the term 'routine' is a bit of a misnomer as social security disability cases are often highly fact-intensive and require careful review of the administrative record, including complex medical evidence." *Costa*, 690 F.3d at 1134 n.1.

The latter is true of the case at hand. Although some of the issues raised in the Opening MSJ Brief may be considered "routine" (*e.g.*, the evaluation of Plaintiff's treating physicians' assessments, the severity of Plaintiff's osteoarthritis and peripheral neuropathy, and whether Plaintiff's mental illness meets Listing 12.04), Plaintiff's Opening MSJ Brief was based on Plaintiff's complex mental and physical medical history, requiring an extensive review of nearly 482 pages of medical records and 861 pages of the administrative record by attorneys without prior familiarity with the matter. Additionally, the Court finds that the ALJ's findings and failure to apply SSR 82-49 to Plaintiff's application for social security benefits further support finding that this case was not "run of the mill." Accordingly, no reduction in hours billed for "routine" social security issues is warranted.

///
///
///

---

[6] *See, e.g.*, *White v. Kijakazi*, No. 2:20-CV-07568-MWF-JDE, 2022 LEXIS 238229, at *9 (C.D. Cal. Dec. 13, 2022) (determination of whether a condition meets the SSA Listing of Impairments, evaluation of treating physician's opinion, and assessment of subjective testimony are considered common issues); *Sandine v. Apfel*, No. CV-97-6197-ST, 1999 U.S. Dist. LEXIS 14236, at *10 (D. Or. June 16, 1999) (improperly rejecting a physician's assessments is "hardly unique" and does not "qualify as [a] complex issue[]"); *Nugent v. Massanari*, No. C-00-2908-PJH, 2002 U.S. Dist. LEXIS 3675, at *10 (N.D. Cal. Feb. 28, 2002) (evaluation of the medical evidence and the severity of plaintiff's impairments considered routine).

## 2. Reasonableness of Time Expended on Opening MSJ Brief and Reply MSJ

Defendant argues the hours spent on the Opening MSJ Brief are unreasonable and duplicative because it is nearly identical to the administrative Appeals Council letter ("Letter") and "cite[s] similar evidence from the transcript." Opp'n at 7; *see* ECF No. 11-6 at 353. Plaintiff asserts the Opening MSJ Brief exceeds the Letter in content and analysis, including a concise statement of facts, citations to nineteen cases, and new references to the medical record. Reply at 5 (citing ECF No. 13-1).

The Court agrees, in part, with Defendant that in light of the similarities between the Opening MSJ Brief and the Letter, the hours requested for Attorney Kondrick's work on the brief[7] are excessive and duplicative. The substance of many arguments in the Opening MSJ Brief and the Letter (*e.g.*, Listing 12.04, Plaintiff's severity of impairments, and Plaintiff's ability to perform unskilled, medium exertional work) is nearly identical. Nearly eight of the twenty-four substantive pages in Plaintiff's Opening MSJ Brief contain almost identical arguments as those argued in the Letter. At the same time, however, the Court acknowledges that other arguments in the Opening MSJ Brief (*e.g.*, the ALJ's non-compliance finding, failure to apply SSR 82-59, and evaluation of the treating physicians' opinions) are notably expanded from arguments in the Letter. For instance, in the Opening MSJ Brief, Plaintiff expands the non-compliance and SSR 82-59 argument from two pages to five pages, with extensive citations to the record, references to case law, and a detailed discussion of the ALJ's reversible error regarding SSR 82-59. Further, Plaintiff's discussion of the ALJ's improper evaluation of treating physicians' opinions was expanded from one-third of a page to about three pages, with an explanation of legal standards, citations to the record, and references to case law. Taking into consideration both the

---

[7] Defendant represents that 53 hours were billed by Attorney Kondrick for work on the Opening MSJ Brief. Upon its own review, however, the Court finds that 62.3 hours were billed by Attorney Kondrick for work on the Opening MSJ Brief. *See* ECF No. 35-7 ("Kondrick Time Log"), at 1:9, 11, 12, 14-22, 25-27 and 2:1-3.

duplicative aspects of the Opening MSJ Brief and the expansion of certain arguments, the Court finds it appropriate and reasonable to reduce the 62.3 hours spent on the Opening MSJ Brief, totaling $12,260.02 in fees, by 10% for a total of $11,034.02 in fees.

As for the Reply MSJ Brief, the Court finds Attorney Kondrick's expended hours reasonable, even in light of the Letter.[8]  Plaintiff's 22-page Reply brief was not only a Reply to Plaintiff's MSJ, but also an Opposition to Defendant's Cross-Motion for Summary Judgment, which contained new factual and legal arguments with supporting administrative record and case citations.  Thus, no reduction is warranted for hours spent on the Reply brief.

### 3. Inexperience in Social Security Law

Defendant also claims the large amount of time spent on these briefs is indicative of Attorney Kondrick's lack of experience and knowledge in social security law.  In support of this assertion, Defendant argues "[c]ourts have held that EAJA fees may be reduced significantly for hours spent for essentially learning on the job because, using billing [] judgment, an attorney would not normally bill a client for such education."  Opp'n at 8.  Plaintiff, however, asserts the hours requested were not attributed to Attorney Kondrick's inexperience or "learning on the job," but rather her unfamiliarity with the record, the complex nature of the case, and time needed to fully brief a case.  Reply at 6.

The Court agrees with Plaintiff and finds Defendant's conclusory argument unpersuasive because there is no evidence that Attorney Kondrick's hours spent on the Opening MSJ Brief and the Reply Brief were attributable to her alleged self-education in social security law.  *See Guzman v. Comm'r of Soc. Sec.*, No. 2:20-CV-0468-KJN, 2021 U.S. Dist. LEXIS 115470, at *7 (E.D. Cal. June 21, 2021) ("the Commissioner's conclusory opinion regarding the difficulty of the case and plaintiff's counsel's experience

---

[8] Defendant represents 39 hours were billed by Attorney Kondrick for work on the Reply MSJ Brief.  Upon its own review, the Court finds 30.5 hours were billed by Attorney Kondrick for work on the Reply MSJ brief.  *See* Kondrick Time Log at 2:11, 12, 16, 18-19, 22-23.

level fails to demonstrate that plaintiff's fee request is unreasonable."). Accordingly, no reduction for hours spent "learning on the job" is warranted.

### 4. Reasonableness of Time Expended Revising Opening MSJ Brief and Reply MSJ

Defendant argues that the hours Attorney Carmody spent revising Plaintiff's Opening and Reply briefs are unreasonable. Opp'n at 10. Defendant relies on *Hoefle v. Colvin* for the proposition that "[c]ounsel fees should not include excessive, redundant, or otherwise unnecessary time such as that attributable to the supervision or correction of a junior attorney." 2014 LEXIS 146468, at *13-14 (citations omitted). However, Plaintiff asserts Attorney Carmody's time was spent familiarizing herself with the record and performing substantive work to meaningfully supervise Attorney Konderick. Reply at 7.

The Court is unpersuaded by Defendant's argument that the time Attorney Carmody spent revising was unreasonable. Revising junior attorney's work is a necessary component of legal writing and collaboration between attorneys is inherent to litigation. *See Maske v. Comm'r of Soc. Sec. Admin.*, No. CV-18-04891-PHX-DWL, 2020 U.S. Dist. LEXIS 209009, at *18 (D. Ariz. Nov. 9, 2020) ("The Court finds no fault with the fact that two attorneys collaborated on this case and recognizes that legal collaboration often requires multiple attorneys to review the same documents in order to contribute meaningfully to the drafting and editing process.") (citations omitted); *see also Latahotchee v. Comm'r Soc. Sec. Admin.*, No. CV-19-05668-PHX-DWL, 2021 U.S. Dist. LEXIS 136975, at *7 (D. Ariz. July 22, 2021) ("[T]he Court has rejected—numerous times—the argument [that] collaboration between two lawyers amounts to impermissible duplication of effort.") (citations omitted). Indeed, litigation often requires lawyers to complete duplicative or redundant tasks. *Costa*, 690 F.3d at 1136 ("[T]he vicissitudes of the litigation process will require lawyers to duplicate tasks.") (internal quotations and citations omitted). For duplication or redundancy to require a fee reduction, there must be specific reasons why hours billed for duplicative tasks are excessive. *Moreno*, 534 F.3d at 1113 ("[D]uplicative work should not become a shortcut for reducing an award without

identifying just why the requested fee was excessive and by how much."). Here, rather than explaining why Attorney Carmody's time spent editing was redundant or unreasonable, Defendant simply restates the hours requested by Plaintiff to support his argument without providing further explanation. Without more, the Court rejects Defendant's assertion that Attorney Carmody's hours spent reviewing and editing the briefs were unreasonable and finds no reduction warranted.

### iii. Clerical work

Defendant argues that, under the EAJA, clerical tasks are not billable. Opp'n at 11. In particular, Defendant claims that the 0.2 hours billed for "[r]eview[ing] judgment and order" and "email[ing] with PBA," and the 1 hour billed for "[r]eview[ing] and compil[ing] itemized time logs" are fees for clerical work that should not be awarded.[9] *Id.* at 12. Plaintiff, however, opposes Defendant's characterization of such tasks as "clerical" and contends that they constitute "reasonable legal work that should be compensated." Reply at 8-9.

The Court agrees with Plaintiff. Although purely clerical work cannot be billed at attorney or paralegal rates under the EAJA,[10] the tasks logged by Plaintiff are not strictly clerical work. For instance, Attorney Carmody's review of the Court's judgment is necessary legal work to effectively plan and execute the next steps in Plaintiff's litigation strategy. Additionally, Attorney Carmody's review and compilation of itemized time logs for the EAJA motion is not clerical work, but necessary legal work to ensure billing logs

---

[9] "[E]ven purely clerical or secretarial work is compensable if it is customary to bill such work separately, though such tasks 'should not be billed at the paralegal rate, regardless of who performs them.'" *Trs. of the Constr. Indus. & Laborers Health & Welfare Tr. v. Redland Ins. Co.*, 460 F.3d 1253, 1257 (9th Cir. 2006) (citing *Missouri v. Jenkins*, 491 U.S. 274, 287 n.9 (1989)).

[10] *See, e.g., Nadarajah v. Holder*, 569 F.3d 906, 921-23 (9th Cir. 2009) (organization of case filings and documents considered clerical work); *Perfect 10, Inc. v. Giganews, Inc.*, No. CV11-07098-AB, 2015 U.S. Dist. LEXIS 54063, at *83 (C.D. Cal. March 24, 2015) (organizing discovery documents for review and organizing documents in preparation for a hearing considered clerical work).

were appropriate to support a motion for EAJA fees. *Fortes v. Astrue*, No. 08CV317BTM, 2009 U.S. Dist. LEXIS 84770, at *11 (S.D. Cal. Sep. 17, 2009) (finding 2.75 hours spent reviewing time records to prepare a billing sheet for EAJA motion was necessary to determine if tasks were properly charged, to confirm accuracy, and to ensure no privileged information was revealed). Thus, because the Court finds these entries do not qualify as clerical work, no fee reduction is warranted.[11]

## C. Assignment of Fees

Finally, Defendant requests "that if EAJA fees are awarded, the Court specify that any assignment cannot be honored without prior consideration by the Treasury Offset Program." Opp'n. at 13. Generally, an EAJA award must be made payable to the plaintiff. 28 U.S.C. § 2412(d)(1)(A); *Astrue v. Ratliff*, 560 U.S. 586, 598 (2010). In this regard, an attorney fee award under the EAJA is payable to the litigant and is therefore subject to a government offset to satisfy any pre-existing debt owed to the United States by the claimant. *Ratliff*, 560 U.S. at 592-3. Additionally, the Anti-Assignment Act, 31 U.S.C. § 3727 ("AAA"), provides that an assignment may be made only after certain requirements are met. *Yesipovich v. Colvin*, 166 F. Supp. 3d 1000, 1011 (N.D. Cal. 2015) ("[T]he Anti-Assignment Act, 31 U.S.C. 3727 applies to an assignment of EAJA fees in a Social Security Appeal for disability benefits."). The Commissioner may waive the requirements of the AAA. *United States v. Kim*, 806 F.3d 1161, 1169 (9th Cir. 2015).

Subsequent to the decision in *Ratliff*, courts have ordered payment of the award of EAJA fees directly to Plaintiff's counsel pursuant to Plaintiff's assignment, provided that Plaintiff has no debt that must be offset and the Commissioner waives the requirements of AAA. *See, e.g.*, *Tam Phan Nguyen v. Berryhill*, No. 17CV1406-MMA, U.S. Dist. 2018 LEXIS 208985, at *15-16 (S.D. Cal. Dec. 11, 2018); *Blackwell v. Astrue*, No. CIV08-1454EFB, 2011 U.S. Dist. LEXIS 35744, at *13-14 (E.D. Cal. Mar. 21, 2011); *Castaneda*

---

[11] Though the Court is unable to conclude whether "email[ing] with PBA" is clerical, the Court finds that the block billing for .2 hours spent on reviewing a judgment and order and emailing with PBA de minimus and unnecessary to reduce.

*v. Astrue*, No. EDCV09-1850-OP, 2010 U.S. Dist. LEXIS 72887, at *7-8 (C.D. Cal. July 20, 2010). Here, Plaintiff "assign[ed] payment of any award of fees pursuant to EAJA to SLLVB and SDVLP." ECF No. 35-2 ("Augustine Decl.") ¶ 5. Accordingly, the Court orders that the EAJA fees be paid directly to Plaintiff's counsel, subject to the Treasury Offset Program and the Commissioner's waiver of the AAA requirements.

## CONCLUSION AND ORDER

For the reasons set forth above, IT IS HEREBY ORDERED that Plaintiff's Motion for Attorney's Fees under the Equal Access to Justice is Act is **GRANTED** in part and denied in part. Plaintiff is awarded $28,593 in Attorney's Fees under the Equal Access to Justice Act. EAJA awards are subject to any offsets allowed under the Treasury Offset Program. If Plaintiff has no debt subject to the Treasury Offset Program and the Government waives the AAA requirements, then Plaintiff's assignment of fees shall be honored, and Defendant shall make the check payable to Plaintiff's counsel.

**IT IS SO ORDERED.**

DATED: August 21, 2024

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT COURT